R. D. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21237.   Promulgated January 8, 1931.

*Chester A. Bennett, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

OPINION.

TRAMMELL: During the taxable year 1922 the petitioner exchanged stock in the W. H. Dawkins Lumber Co. for stock in the Dawkins Lumber Co. plus cash in the aggregate amount of $3,026.02. The exchange of the stock and distribution of the cash constituted a part of the process of liquidation of the first named corporation prior to its dissolution. The petitioner's original stock had a fair market value of $27,000 at the time acquired by inheritance in 1913. The stock received in exchange had a fair value of $13,486.50. The difference between the value of the new stock, plus the cash received, and the value of the old stock when acquired, was $10,487.48, which amount the petitioner claims as a deduction from gross income. The respondent contends that his disallowance of the deduction should be sustained for the reason that under section 202 (c) (1) of the Revenue Act of 1921, no gain or loss could be recognized as resulting from the said transaction.

No evidence was offered by either party at the hearing, the case being submitted on the pleadings, from which we have found the facts above set out. The deficiency herein is based upon the respondent's determination that the exchange of stock in the old corporation for stock in the new corporation constituted an exchange of property held for investment for property of a like kind or use, within the contemplation of the statute. The burden is, therefore, upon the petitioner to show that the stock was not held for investment or was not exchanged for property of a like kind or use. Not only was no evidence offered to prove such fact, but no facts are alleged in the petition which are inconsistent with the determination of the respondent on this point, and the petitioner has submitted no brief, nor has he otherwise controverted such contention of the respondent.

The Revenue Act of 1921, which is the statute applicable here, provides, in section 202 (c) (1), that, when any property held for investment, whether real, personal or mixed, is exchanged for property of a like kind or use, no gain or loss shall be recognized for income-tax purposes, and, in section 202 (e), that, when such an exchange as provided in the above subsection is made except that there is also included cash or other property, the money or other property

shall be applied against and reduce the basis of the property exchanged.

The facts in this proceeding bring it squarely within the provisions of the above statute. The petitioner exchanged property held for investment, namely, the stock in the old corporation, for property of a like kind or use, namely, stock in the new corporation. He also received a small amount of cash in consideration of his surrender of the old stock. This, however, does not take the case out of the operation of the statute. The cash adjustment incident to the exchange should be applied against and used to reduce the basis for determining gain or loss upon a subsequent sale of the new stock, in accordance with the provisions of section 202 (e) of the statute. *Girard Trust Co. et al.*, 16 B. T. A. 308, but no gain or loss resulted in this case.

The exchange of the petitioner's stock in the old corporation for stock in the new corporation and cash was a preliminary incident to the dissolution of the old corporation. This fact, however, does not affect the status of the transaction for tax purposes. *Frank Filer*, 14 B. T. A. 1084. See also *Katherine A. Spalding*, 7 B. T. A. 588; *Richard T. Greene et al.*, 15 B. T. A. 401. The determination of the respondent is approved.

*Judgment will be entered for the respondent.*